**CITY TOWING ASSOCIATES, INC., Appellant,**

v.

**LABATT COMPANY, Appellee.**

No. 16839.

Court of Appeals of Texas, San Antonio.

Nov. 10, 1982.

Rehearing Denied Jan. 6, 1983.

Gary Pinnell, San Antonio, for appellant.

Judson H. Phelps, Jr., Brenan & Phelps, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is a limited appeal from a judgment denying attorney's fees.

Appellant City Towing Associates, Inc. (City Towing) prevailed in a bench trial on its *quantum meruit* claim against appellee Labatt Company, Inc. (Labatt). Judgment was rendered in favor of City Towing for the full amount of its claim. However, the trial court refused to award pre-judgment interest and attorney's fees to City Towing. It is from the adverse judgment of the trial court as to the award of attorney's fees that City Towing presents this appeal. We affirm.

City Towing's sole point of error is that under the provisions of Tex.Rev.Civ.Stat. Ann. art. 2226 (Vernon 1982) it was entitled to attorney's fees and the trial court erred in refusing to award it attorney's fees.

The court refused to award City Towing its attorney's fees on the theory that such fees were not authorized under article 2226 because its claim for personal services was not for personal services rendered to Labatt.

The provisions of article 2226 pertinent to this case are as follows:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, ... may present the same to such persons or corporations or to any duly authorized agent thereof; and if at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees ....

Based upon the unchallenged findings of fact, we note that City Towing provided no

services to Labatt. This finding and the holding of our Supreme Court, in *Tenneco Oil Company v. Padre Drilling Company, Inc.,* 453 S.W.2d 814, 819 (Tex.1970), that article 2226 was intended to apply *only to claims for personal services rendered,* labor done or materials furnished by the claimant *for or to the person or corporation against which the claim was asserted,* persuades us that the trial court was correct in refusing to assess attorney's fees.

We hold that the provisions of article 2226 do not apply due to the failure of City Towing to provide the services to Labatt. We overrule appellant's sole ground of error.

Having determined that under the facts in this case article 2226 does not apply, it is unnecessary that we consider Labatt's counter-point urging us to construe the applicability of the provisions of article 2226 as discretionary with the trial court.

The judgment of the trial court is affirmed.